The Chancellor.
The old act, to he found in Elmer 145, provides that it shall he lawful for any widow entitled to dower in any lands of which her husband died seized, or for any heir or heirs, or guardian of any minor child or children, entitled to any estate in said land, to apply to the Orphans’ Court for the appointment of commissioners to assign to such widow her dower in the said lands. Devisees are not mentioned in the act.
It is further provided by. the said act, that where a husband shall die seized of lands in two or more counties, it shall be lawful for the Ordinary or Surrogate General to appoint commissioners to set off the dower.
The Revised Statute, Rev. St. 75, sec. 17, provides, that it shall be lawful for any widow .entitled to dower in any lands of which her husband died seized, or any heir or heirs, or guardian of any minor child or children, entitled to any estate in the said lands, or for any purchaser thereof, to apply to the Orphan’s Court for the appointment of commissioners to assign dower. And sec. 21 of this act provides, that when a husband shall die siezed of lands in two or more counties, it shall be lawful for the Ordinary to appoint commissioners.
The question presented is, whether, on the application of a devisee of the lands in Bergen, for the appointment of commissioners to assign dower in all the lands of which the testator died siezed, in both counties, the Ordinary can make the appointment.
It is difficult to understand what the intention of the Legislature was in introducing the words “or for any purchaser thereof,” in the last statute. The provision of the Statute is, “That it shall be lawful for any widow entitled to dower in any lands of which the husband died seized, or for any hem, &c. entitled to any estate in the said lands, or for any purchaser thereof,” &c.: this is the connection in which the words are found. Is the word purchaser, in this connection, to be taken asjncluding a devisee 1
*327 If the husband dies intestate, the estate descends to the heir, or to all the heirs together. If the heir, or heirs all together, sell to a purchaser, there can be no difficulty in allowing him the same right to apply for commissioners to assign dower as the heir or heirs had. If one of several heirs sells his interest, the purchaser from him would stand in his place, in reference to any proceedings for the assignment of dower.
But, where there is a will, devising a part of the testator’s lands to one, and a part to another, can either devisee apply to the Orphans’ Court and obtain an order for commissioners to assign dower in all the lands of which the testator died seized ; or, if the testator devises his lands in one county to one person, and his lands in another county to another person, can either devisee apply to the Ordinary and obtain an order for commissioners to assign dower in all the lands, in both counties'?
It is clear that under the original act a devisee could not apply for commissioners to assign dower. The omission of devisees, in this act, shows, as we must infer, that the Legislature were aware of the embarrassments which would be produced by extending that act to devisees. They are many, and would be very perplexing ; and, in view of them, I cannot suppose that the word “purchaser,” in the late act, was intended to include devisees.
The petition and notice in this caso arc, I think, defective. They state that the application is made by the petitioner, as heir and devisee, without any explanation.
There is also difficulty growing out of the pendency of an action in the Supreme Court, by the widow, against the petitioner, for her dower in the lands in Bergen county; but I do not find it necessary to consider this objection particularly.
Application denied.